23CA1182 Peo v Lowe 03-27-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1182
Douglas County District Court No. 22CR808
Honorable Patricia D. Herron, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Cory Jon Lowe,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Cynthia A. Harvey, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Cory Jon Lowe, appeals the restitution order entered following his guilty plea and convictions for second degree aggravated motor vehicle theft and possession of a schedule III, IV, or V controlled substance. We affirm.

## I. Background

¶ 2 The police arrested Lowe after finding him in possession of a stolen car. During a search of the car and Lowe's person, the police found methamphetamine and a pipe in the car's center console and a prescription bottle with pills thought to be fentanyl in Lowe's coat pocket. The prosecution charged Lowe with one count each of second degree aggravated motor vehicle theft, a class 6 felony, and possession of fentanyl in violation of section 18-18-403.5(2.5)(a)(I), C.R.S. 2024, a class 4 drug felony.

¶ 3 Lowe ultimately pleaded guilty to the aggravated motor vehicle theft count and an added count of possession of a schedule III, IV, or V controlled substance (a class 1 drug misdemeanor), and stipulated to concurrent Department of Corrections sentences of thirty and eighteen months. In exchange, the prosecution dismissed the possession of fentanyl charge, at least in part

because the pills found in Lowe's pocket turned out not to be fentanyl.

¶ 4    As relevant here, the plea agreement also included the following language: "The defendant admits to liability, stipulates to causation, and agrees to pay restitution for all pecuniary losses suffered by all victims for all charged counts, even those dismissed as part of this plea agreement," and "restitution is ordered in the amount of $18,099.39."

¶ 5    At the providency hearing, despite the plea agreement including a specific amount for restitution, defense counsel told the court that Lowe was contesting the amount and asked for a hearing on that issue. The court accepted Lowe's guilty plea and imposed the stipulated sentences. The court reiterated that, as part of the plea, Lowe was "stipulating to pay restitution for all pecuniary losses suffered by all of the victims in all of the counts even if they've been dismissed as part of the plea agreement." The court then noted that the prosecution was requesting the restitution amount listed in the paperwork and, because Lowe was disputing the amount, the court ordered a hearing to determine the amount.

2

¶ 6     At the restitution hearing, the owner of the car (victim) and a claims specialist for the victim's insurance company testified.  The claims specialist testified that drug testing of the recovered car indicated the presence of fentanyl and methamphetamine.  Based on that testing, the insurance company determined that the car was unsafe and therefore a total loss; the insurance company paid the victim $15,909.39, the full value of the car as determined by a vehicle evaluation report, less the victim's $500 deductible.  The victim testified that fentanyl and methamphetamine were not present in the car when it was stolen.

¶ 7     Based on this testimony, the court found that the car had to be destroyed because of the presence of fentanyl and/or methamphetamine and that the insurance company suffered $17,599.39 in damages (the amount paid to the victim, plus the costs for testing the car).  The court noted that Lowe's guilty plea to a class 1 drug misdemeanor would account for some of the damages.  It further found that the "record is clear about what Mr. Lowe pled guilty to and about why the car had to be destroyed" and that "the car was recovered from Mr. Lowe, and the damages that were present were present when it was recovered."  Based on those

findings the court ordered Lowe to pay $18,099.39 in restitution, which included the insurance company's out-of-pocket losses and the victim's deductible.

## II. Discussion

¶ 8 Lowe contends that the district court erred by imposing restitution for the full value of the car because the prosecution did not present any evidence that he introduced the fentanyl or methamphetamine into the car, and, therefore, it failed to prove that he proximately caused the damages. We disagree.

### A. Standard of Review and Applicable Law

¶ 9 Restitution is "any pecuniary loss suffered by a victim . . . proximately caused by an offender's conduct." § 18-1.3-602(3)(a), C.R.S. 2024. In the context of restitution, proximate cause is a cause which in natural and probable sequence produced the claimed loss and without which the claimed loss would not have been sustained. *People v. Dyson*, 2021 COA 57, ¶ 13. A court generally may not order restitution for "losses proximately caused by conduct that forms the basis of only [a] dismissed charge." *People v. Roddy*, 2021 CO 74, ¶ 28. However, the prosecution and defendant my enter into an agreement that "extends the scope of

4

the restitution order" obligating a defendant to pay for restitution based on conduct related to dismissed charges. *Id.*

¶ 10 We review the scope of the parties' obligations under a plea agreement de novo, applying an objective standard of reasonableness to the agreement's plain language. *Roddy*, ¶ 24.

¶ 11 When a defendant challenges a restitution order, we review the district court's proximate cause determination for clear error, but review de novo whether the evidence was sufficient to support the restitution amount. *See Martinez v. People*, 2024 CO 6M, ¶¶ 3, 19, 32. Evidence is sufficient when the evidence, both direct and circumstantial, "viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss." *People v. Barbre*, 2018 COA 123, ¶ 25.

### B. Proximate Cause

¶ 12 As noted above, Lowe's original charges included aggravated motor vehicle theft and possession of fentanyl. As a part of the plea agreement, he admitted to stealing the victim's car and to possessing Alprazolam, a schedule III, IV, or V controlled substance. He also stipulated to causation and agreed to pay

restitution for "all pecuniary losses suffered by all victims for all charged counts, even those dismissed" under the plea agreement.

¶ 13    On appeal, Lowe acknowledges that the plea agreement included a stipulation to pay for all pecuniary losses, even those related to dismissed counts.  Nevertheless, he argues that the stipulation is merely boilerplate language and, therefore, should not be enforced.  We disagree.

¶ 14    While the request to plead guilty included boilerplate language indicating that the prosecution had ninety-one days to submit a restitution request and advising Lowe that the court would set a hearing if he objected to the prosecution's restitution request, the written plea agreement included terms specific to the parties' plea agreement.  These details included Lowe's obligation to pay restitution, his stipulation to causation, his agreement to pay for all losses for all charges, even the dismissed charges, and a specific amount of restitution.  Thus, we are not persuaded that the written plea agreement included boilerplate language regarding Lowe's obligation to pay for restitution related to the dismissed counts.

¶ 15    Indeed, at the providency hearing, Lowe's counsel told the court that the plea agreement "reads a little bit like this is a

stipulated agreement for restitution" and that he had unsuccessfully tried to have the prosecution change that language. Nevertheless, he told the court that the parties agreed that the restitution amount was contested and would need to be resolved at a hearing. However, counsel did not similarly dispute Lowe's liability for restitution based on the dismissed charges.

¶ 16 Further, after the court acknowledged the dispute about the restitution amount and agreed to set a hearing to address that issue, as noted above, the court reiterated that Lowe had agreed to pay restitution for losses attributable to all counts "even if they've been dismissed as part of the plea agreement," so that wasn't an issue to be resolved at the hearing. And Lowe's counsel did not dispute the court's advisement on that issue.

¶ 17 Consequently, we conclude that the plain language of the agreement obligates Lowe to pay for the damages related to his theft of and the presence of fentanyl in the victim's car. And, by signing the plea agreement, Lowe waived any claim that he did not proximately cause the insurance company's and the victim's damages as a result of his conduct that formed the bases of those charges.

¶ 18    The evidence at the restitution hearing established that fentanyl and methamphetamine were present in the victim's car when it was recovered; those drugs were not in the car when Lowe stole it; and the insurance company determined that the car was unsalvageable because of the presence of those drugs. We conclude that the record supports the district court's determination that the requested restitution amount was for damages caused by Lowe's conduct related to either the charge to which he pleaded guilty, the dismissed charge, or both. *See People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006) (an appellate court may affirm on any ground supported by the record).

C.    Sufficient Evidence to Support Restitution Amount

¶ 19    To the extent Lowe also contends that the evidence presented at the restitution hearing was insufficient to support the amount of restitution ordered, we disagree.

¶ 20    At the restitution hearing, in addition to testifying that the victim's car needed to be destroyed because methamphetamine and fentanyl were found in it, the insurance company's representative testified about the valuation report the insurance company used to establish the value of the victim's car. Specifically, she testified

that the company used a third-party vendor who valued the vehicle based on the vehicle's mileage, options, and condition, and the market conditions at the time when the vehicle was stolen. Because the valuation was prepared when used cars were in short supply, she testified that, although the valuation was more than the J.D. Powers and Kelly Blue Book reports submitted by Lowe, it was more accurate than those reports because it incorporated specifics about the vehicle and the market conditions. It also utilized comparable sales.

¶ 21 Viewing this evidence in the light most favorable to the prosecution, we conclude that it is substantial and sufficient to establish that the insurance company's payout represented the reasonable value for the victim's car.

### III. Disposition

¶ 22 The restitution order is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.